**Joseph B. BOWEN, Appellant (Petitioner),**

v.

**STATE of Wyoming, WYOMING REAL ESTATE COMMISSION, Appellee (Respondent).**

**No. 94–219.**

Supreme Court of Wyoming.

Aug. 4, 1995.

Frank J. Jones, Wheatland, for appellant.

Joseph B. Meyer, Atty. Gen.; Bill Hibbler, Sr. Asst. Atty. Gen.; and Dona Playton, Asst. Atty. Gen., for appellee.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

MACY, Justice.

Appellant Joseph Bowen appealed to the district court from the order in which Appellee Wyoming Real Estate Commission suspended his real estate license for a period of one year. The district court certified the case to this Court pursuant to W.R.A.P. 12.09(b).

We reverse.

### Issues

Bowen presents three issues for our consideration on appeal:

1. Did the Wyoming Real Estate Commission have jurisdiction to conduct the contested hearing and enter its order suspending the license of Petitioner Joseph B. Bowen when it failed to follow its own rules of practice and procedure?

2. Was the action of the Wyoming Real Estate Commission in failing to follow its own rules of practice and procedure arbitrary and capricious?

3. Did the Wyoming Real Estate Commission have jurisdiction to decide contract disputes between itself and the Petitioner Joseph B. Bowen?

### Facts

On February 25, 1993, Bowen, who was a licensed real estate broker, and the Commission entered into a stipulation which settled claims against Bowen for his violations of the statutory and regulatory provisions applicable to real estate brokers and sales persons. In that stipulation, Bowen agreed to be put on probation for a six-month period. The stipulation stated:

> If Bowen is found to have violated any provisions of the Real Estate Licensing Act of 1971 or Real Estate Commission Rules and Regulations during the probationary period, he shall immediately and voluntarily surrender his license to the Commission and shall cease performing any actions as a real estate broker or salesman[.]

The stipulation also provided that the Commission would retain continuing jurisdiction "to take any action deemed proper" in the matter.

In an August 31, 1993, letter addressed to Bowen's attorney, the Commission demanded that Bowen immediately surrender his license. The Commission alleged that Bowen had breached the terms of the stipulation when he advertised property for sale without first obtaining a written listing agreement from the property owner. When Bowen failed to surrender his license, a notice was sent to him, advising him that a hearing had been scheduled for January 14, 1994, so that the possible revocation of his license could be considered. The notice stated: "It is alleged that Broker Bowen has violated W.S. 33–28–111(a)(xx) or violated the terms of the Stipulation, Docket No. 92–019, entered February 25, 1993." Bowen responded to the notice by filing a motion to dismiss on the grounds that the Commission had failed to follow its procedural rules in instituting the disciplinary matter against him. The Commission did not rule on Bowen's motion to dismiss.

A hearing was held on March 23 and 24, 1994, before a hearing examiner and the Commission. After considering the hearing examiner's recommendations, the Commission suspended Bowen's real estate broker's license for a one-year period. The Commission specified that Bowen's license was being

suspended under § 33–28–111(a)(xx) because he had failed to obtain a written listing agreement. The Commission did not state that Bowen's license was being suspended because he had allegedly breached the terms of the stipulation.[1]

Bowen appealed to the district court, and that court certified the case to us pursuant to W.R.A.P. 12.09(b).

### Discussion

When we are reviewing cases which have been certified to us pursuant to W.R.A.P. 12.09(b), we apply the appellate standards which are applicable to the reviewing court of the first instance. *Hepp v. State ex rel. Wyoming Workers' Compensation Division*, 881 P.2d 1076, 1077 (Wyo.1994).

We review an administrative agency's findings of fact by applying the substantial evidence standard. Wyo.Stat. § 16–3–114(c)(ii)(E) (1990). Our task is to examine the entire record to determine whether substantial evidence supported the hearing examiner's findings. *Romero v. Davy McKee Corporation*, 854 P.2d 59, 61 (Wyo.1993). We will not substitute our judgment for that of the hearing examiner when substantial evidence supports his decision. *Bearden v. State ex rel. Wyoming Workers' Compensation Division*, 868 P.2d 268, 269 (Wyo.1994). Substantial evidence is relevant evidence which a reasonable mind might accept in support of the agency's conclusions. *Jackson v. J.W. Williams, Inc.*, 886 P.2d 601, 603 (Wyo.1994). With regard to an agency's conclusions of law, we rectify that agency's errors when the agency has not invoked and correctly applied the proper rule of law. *Thunder Basin Coal Company v. Study*, 866 P.2d 1288, 1291 (Wyo.1994).

Bowen argues that, because the Commission failed to follow its own procedural rules in bringing the charges against him, the Commission acted arbitrarily and capriciously and failed to perfect jurisdiction over him. Specifically, Bowen maintains that the Commission violated its procedural rules by failing to require that a written complaint be filed against him and served upon him and by failing to preliminarily consider his case before scheduling it for a hearing. The State concedes that the Commission did not follow its own procedural rules when it initiated the disciplinary action against Bowen but argues that the Commission properly disregarded the rules because they were in contravention of the Wyoming Administrative Procedure Act.

This Court has stated:

Underlying our often repeated statement that " '[i]n determining whether the action of an agency is arbitrary, capricious, or an abuse of discretion, the court ascertains whether the decision is supported by the record,' " *Cook [v. Zoning Board of Adjustment for the City of Laramie]*, 776 P.2d [181,] 185 [ (Wyo.1989) ] ( . . . quoting *Holding's Little America v. Board of County Com'rs of Laramie County*, 670 P.2d 699, 703–04 (Wyo.1983)), is the assumption that an agency will abide by the rules it promulgates. The failure of an agency to abide by its rules is per se arbitrary and capricious.

*State ex rel. Wyoming Workers' Compensation Division v. Brown*, 805 P.2d 830, 835 (Wyo.1991). The State did not provide us with any pertinent authority for its assertion that the Commission acted properly by disregarding its rules. That statement, in and of itself, suggests that the Commission acted arbitrarily and capriciously by choosing, in an individual case, whether or not to follow its rules of procedure. The question of whether the rules were in compliance with the Wyoming Administrative Procedure Act is not properly before the Court in this appeal. In accordance with our holding in *Brown*, we must reverse the Commission's order because the Commission acted arbitrarily and capriciously by failing to follow its own rules. Wyo.Stat. § 16–3–114(c)(ii)(A) (1990).

Bowen further contends that the Commission improperly relied on § 33–28–

---

1. Since the Commission did not rely on the stipulation in entering its suspension order, we have no reason to consider Bowen's third issue which questions whether the Commission, as a party to the stipulation contract, could rule on a dispute over the terms of the contract.

111(a)(xx) as being the statutory authority for suspending Bowen's license. We agree.

The Commission found that Bowen had failed to obtain a written listing agreement from the property owner before he advertised the property for sale in a written publication. Under § 33–28–111(a)(xx):

> (a) The commission shall upon a written sworn complaint or may upon its own motion investigate the actions of any broker, associate broker or salesman and may censure the licensee, suspend or revoke any license issued under this act [§§ 33–28–101 to –206] for any of the following:
>
> .    .    .    .    .
>
> (xx) Failing to obtain written listing agreements identifying the property and containing all terms and conditions under which the property is to be sold including the price, the commission to be paid, the signatures of all parties concerned and a definite expiration date[.]

The Commission interpreted the statutory provision as requiring that a broker must obtain a written listing agreement prior to advertising the property for sale. Section 33–28–111(a)(xx) does not, however, expressly state when the written listing agreement must be obtained.

■ Determining the lawmakers' intent is our primary focus when we are interpreting statutes. *Christensen v. Oedekoven,* 888 P.2d 228, 230 (Wyo.1995). Initially, we make "'an inquiry respecting the ordinary and obvious meaning of the words employed according to their arrangement and connection.'" *Parker Land and Cattle Company v. Wyoming Game and Fish Commission,* 845 P.2d 1040, 1042 (Wyo.1993) (quoting *Rasmussen v. Baker,* 7 Wyo. 117, 133, 50 P. 819 (1897)). We construe the statute as a whole, giving effect to each word, clause, and sentence, and we construe together all parts of the statute *in pari materia.* 845 P.2d at 1042. Similarly, we refuse to enlarge, stretch, expand, or extend a statute to matters which do not fall within its express provisions. *Wyrulec Company v. Schutt,* 866 P.2d 756, 759 (Wyo.1993).

The statute does not contain any language which states that the written listing agreement must be obtained before a broker may advertise the property, although the "is to be sold" language indicates that a written listing agreement should be obtained before the property is actually sold. *See Wyoming Realty Company v. Cook,* 872 P.2d 551 (Wyo. 1994). In *Cook,* this Court recognized a special statute of frauds applicable to real estate listings when it held that Wyoming's statutes and the Commission's rules contemplate the use of written listing agreements by brokers. 872 P.2d at 552–53. That decision was not, however, made in the context of a disciplinary action brought against a real estate broker for failing, under the provisions of § 33–28–111(a)(xx), to obtain a written listing agreement. Additionally, we did not specify in the *Cook* decision when the written listing agreement must be obtained. The Legislature recognized the possibility that brokers and property owners may initially enter into oral listing agreements when it forbade brokers from offering property for sale without the owners' knowledge or consent, but it did not require that such consent be memorialized in writing. WYO.STAT. § 33–28–111(a)(viii) (1987).

■ The Legislature has the duty to determine the disciplinary standards applicable to real estate brokers and sales persons. This Court will not expand the provisions of § 33–28–111(a)(xx) by requiring a broker to obtain a written listing agreement before he advertises the property for sale. The Commission, therefore, erred when it relied on § 33–28–111(a)(xx) to suspend Bowen's license.

### Conclusion

We hold that the Commission acted arbitrarily and capriciously by failing to follow its rules of procedure and that it improperly relied upon § 33–28–111(a)(xx) to suspend Bowen's license. The Commission's order is, therefore,

Reversed.