**STATE OF WYOMING ELECTRICAL BOARD, Appellant (Respondent),**

v.

**Ron HANSEN, M–43, Master of Record (Intermountain Electrical Service, Inc. C–29), Appellee (Petitioner).**

No. 96–61.

Supreme Court of Wyoming.

Dec. 20, 1996.

William U. Hill, Attorney General, and Larry M. Donovan, Senior Assistant Attorney General, for Appellant (Respondent).

David B. Hooper of Hooper Law Offices, Riverton, and Tom A. Glassberg of Hooper Law Offices, Teton Village, for Appellee (Petitioner).

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN and LEHMAN, JJ.

LEHMAN, Justice.

Appellee Ron Hansen sought review from an order issued by the Wyoming Electrical Board (Board) in which the Board found that Mr. Hansen had violated certain Wyoming statutes. The district court reversed the Board's findings and conclusions for failure to follow reporting requirements. Appellant Board now appeals.

We affirm.

## ISSUE

Appellant poses the following issue for review:

Did the district court err in reversing the action taken by the State Electrical Board solely because there was no contested case transcript available?

Appellee rephrases the issue:

When an agency violates the verbatim reporting requirements of both (a) the Administrative Procedure Act and (b) the Rules and Regulations of the Department of Fire Prevention and Electrical Safety, by failing to tape record a license revocation hearing, may the reviewing court hold unlawful and set aside the agency's action, findings, and conclusions, especially when the licensee detrimentally relied on the agency's advance assurance that the hearing would be tape recorded?

## FACTS

The facts of this case are not in dispute. Mr. Hansen holds a state of Wyoming master electrician license and is the master of record for Intermountain Electrical Service, Inc. On September 19, 1995, the Electrical Safety Division sent a Notice of Hearing Opportunity to Mr. Hansen. Therein Mr. Hansen was advised that a hearing had been scheduled to determine alleged violations of electrical statutes and rules and regulations of the Department of Fire Prevention and Electrical Safety; the location, date and time of the hearing; that Mr. Hansen could submit a written statement in lieu of appearing; that the Board would make a record of the proceeding via a tape recorder; and that the decision could be appealed to the district court. Mr. Hansen elected to submit a written statement and did not appear at the hearing. When the Board issued its decision and order ruling against him, Mr. Hansen attempted to obtain a transcript or tape recording of the hearing. He was advised, however, that the tape recorder had malfunctioned. The Board acknowledges that no transcripts are available for any stage of the proceedings.

Mr. Hansen filed a Petition for Review of Administrative Action and Motion to Reverse Board Decision, contending W.S. 16–3–107(p) (Cum.Supp.1996) and ch. 8 § 13 of the Rules and Regulations, Department of Fire Prevention and Electrical Safety require a verbatim record of the proceedings. The district court reversed the Board's decision and remanded for a new hearing or such further proceedings as the Board deemed appropriate. It is from this order that the Board now appeals.

## STANDARD OF REVIEW

■ We review administrative agency decisions as though they were appealed directly to this court, according no deference to the decision of the district court. *Barcon, Inc. v. State Bd. of Equalization*, 845 P.2d 373, 376 (Wyo.1992); *Atchison v. Career Serv. Council*, 664 P.2d 18, 20 (Wyo.1983). The Wyoming Administrative Procedure Act, W.S. 16–3–101 through –115 controls the scope of review.

## DISCUSSION

In deciding the question of whether the Board's failure to keep a verbatim report of the hearing justifies reversal of the Board's order, we first look to W.S. 16–3–107(p) (Cum.Supp.1996):

In all contested cases the proceeding including all testimony shall be reported verbatim stenographically or by any other appropriate means determined by the agency or the officer presiding at the hearing.

Additionally, ch. 8, § 13 of the Rules and Regulations, Department of Fire Prevention and Electrical Safety, provides in pertinent part:

The hearing shall be reported verbatim, stenographically, or by any other appropriate means determined by the Department or hearing officer. A copy will be furnished to any party upon written request to the Department[.]

The Board chose to accomplish the verbatim reporting requirement by means of tape recording. For whatever reason, the tape recorder malfunctioned, and there remains no transcript for any stage of the proceeding. This procedural failure violates the mandatory language of W.S. 16–3–107(p) and departmental rules and regulations.

When confronted with an agency's failure to follow procedure prescribed by law, the Wyoming Administrative Procedure Act mandates the reviewing court's course of action:

The reviewing court shall ... [h]old unlawful and set aside agency action, findings and conclusions found to be ... [a]rbitrary, capricious, an abuse of discretion or otherwise not in accordance with law [or] ... [w]ithout observance of procedure required by law[.]

W.S. 16–3–114(c)(ii)(A) & (D) (1990).

This court has previously addressed the consequences of an agency's failure to follow required procedures in the licensing context. In *Bowen v. State, Wyoming Real Estate Comm'n*, 900 P.2d 1140 (Wyo.1995), the Real Estate Commission failed to follow prescribed rules in suspending a broker's license. We held that an agency's failure to follow its own procedural rules was an arbitrary and capricious act and reversed the Commission's order. *Id.*, at 1142. *See also, State ex rel. Workers' Compensation Div. v. Brown*, 805 P.2d 830, 835 (Wyo.1991).

Appellant contends that because a verbatim transcript is not required as part of the record in a contested case pursuant to W.S. 16–3–107(o), it should be allowed to prepare a statement of the evidence or proceedings from the best available means, W.R.A.P. 3.03, or the court should be required to take additional evidence on the matter, W.R.A.P. 12.07. We find this argument to be irrelevant to appellee's procedural right to verbatim reporting—a separate and specific right afforded appellee in both the Administrative Procedure Act and the Board's own rules and regulations.

## CONCLUSION

The requirement of verbatim reporting is a procedural mechanism to enable the reviewing court and the parties to weigh the grounds for an appeal of an agency decision. Reversal of the Board's decision and order was appropriate where there was available no verbatim record as required by W.S. 16–3–107(p) and applicable departmental rules and regulations.

Affirmed.