# IN THE SUPREME COURT, STATE OF WYOMING

## 2014 WY 162

OCTOBER TERM, A.D. 2014

December 16, 2014

IN THE MATTER OF THE
APPLICATION FOR
ESTABLISHMENT OF PRIVATE
ROAD BY PRICE FAMILY TRUST of
May 22, 1995, by and through its
TRUSTEE,

TED N. PRICE, SR.,

Appellant
(Petitioner)

v.                                                              S-14-0068

JUDY HUTCHINSON and WAYNE
GARMAN and ROSS GARMAN,

Appellees
(Respondents).

*Appeal from the District Court of Crook County*
*The Honorable Michael N. Deegan, Judge*

*Representing Appellant:*
> James R. Salisbury and Anthony M. Reyes of Riske & Salisbury, P.C., Cheyenne, WY. Argument by Mr. Salisbury.

*Representing Appellees:*
> James L. Edwards and Paul S. Phillips of Stevens, Edwards, Hallock, Carpenter & Phillips, P.C., Gillette, WY. Argument by Mr. Edwards.

*Before BURKE, C.J., and HILL, KITE, DAVIS, and FOX, JJ.*

**NOTICE:  This opinion is subject to formal revision before publication in Pacific Reporter Third.  Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**HILL,** Justice.

[¶1]     Appellant, the Price Family Trust, through its Trustee Ted N. Price Sr. (Price), filed an application for the establishment of a private road in 2011 after filing its first application in 2003. The district court affirmed the Crook County Board of Commissioners' decision to deny the application on the ground that Price has access to his property from at least two existing public roads. This appeal followed.

## ISSUES

[¶2]     Price presents four issues on appeal:

1.    The failure of the Board to take and preserve a complete record of the proceedings, as required by Wyoming Statute § 16-3-107(o) and (p), rendered the proceedings to be without observance of procedures required by law as proscribed by Wyoming Statute § 16-3-114(c)(ii)(D).

2.    The Hearing Officer violated Wyoming Statute § 16-3-107(k) and/or exceeded the powers of a hearing officer set forth in Wyoming Statute § 16-3-112(a) and (b).

3.    The Orders entered by the Board are arbitrary, capricious, an abuse of discretion or otherwise not in accordance with applicable law as required by Wyoming Statute § 16-3-114(c)(ii)(A).

− The Board's failure to follow and adhere to the requirements of the Wyoming Administrative Procedures Act, Wyoming Statute § 16-3-101, *et. seq.* is *per se* arbitrary and capricious.

− The Board's Final Order, Conclusion of Law No. 1, is not in accordance with applicable law in holding that the doctrine of collateral estoppel barred [Price's] application for establishment of a private road.

− The Board's Final Order, Conclusion of Law No. 10, is not in accordance with applicable law in holding that County Road 58 is a "public road" for the purposes of Wyoming Statute § 24-9-101.

− The Board's Final Order, Conclusion of Law No. 9, is not in accordance with applicable law in holding that [Price] does not qualify under Wyoming Statute § 24-9-101 due to the State Easement.

1

4.      The Orders entered by the Board are not supported by substantial evidence as required by Wyoming Statute § 16-3-114(c)(ii)(E).
            − The Board's Findings, Section B, No. 3, that County Road 58 is a "public road" for the purposes of Wyoming Statute § 24-9-101 is not supported by substantial evidence.
            − The Board's Findings, Section B, No. 4(d), that the State Easement is an "accessible road" from State Highway 14 to [Price's] property throughout the year is not supported by substantial evidence in the record.

The issues are restated by the Appellees as follows:

I.      Whether the Crook County Board of County Commissioners (Board) committed reversible error by not having a court reporter transcribe the Board's first round of deliberations on Price's private road application and by losing part of the first round of deliberations due to a malfunction in the tape recording device.

II.     Whether the Board erred in allowing its County Attorney to serve as hearing officer and provide legal advice to the Board on the application.

III.    Whether the Board erred in ruling that the question of Price's access to a public road had been resolved by an earlier application and litigation of the question was therefore barred by the doctrine of collateral estoppel.

IV.     Whether the Board's decision denying Price's private road application is supported by substantial evidence.

## FACTS

[¶3]   On February 22, 2011, Ted N. Price, Sr. (Price) as Trustee of the Price Family Trust (the Trust) filed an application for the establishment of a private road pursuant to Wyo. Stat. Ann. § 24-9-101, *et seq.*[1]  Price asserted that his property had no outlet to or

---

[1]  In 2011 Wyo. Stat. Ann. § 24-9-101(a) provided: "Any person whose land has no outlet to, nor connection with a public road, may file an application in writing with the board of county commissioners in the county where his land is located for a private road leading from his land to some convenient public road."  However, effective July 1, 2013, the private road statutes were amended to provide for a "more expeditious and affordable means to establish a private road" by mandating the commencement of an action in district court as opposed to an application submitted to the board of county commissioners."

2

connection with a public road. More precisely, he contended in his application that County Road 58 in Crook County, Wyoming does not touch or enter his land and that the road is a mere cow trail that does not provide reasonable and convenient access because it is not used or maintained as a public road. Price also argued that State Highway 14 did not provide reasonable or convenient access. Instead of using those routes, his preferred route involved crossing Appellee Wayne Garman's land.

[¶4] Previously, Price had applied for the establishment of a private road in 2003. There, Price "admitted his land touches County Road easement number 58; (2) County Road 58 is a county road; and (3) County Road 58 enters Ted N. Price, Sr.'s property."

[¶5] Regarding the 2011 application, the Appellees herein objected. The Appellees argued that Price already had access to his property and thus did not qualify for a private road. Specifically, the Appellees argued that Price had at least three public access points from which to reach his land: (1) To the north, Price's land could be reached via County Road 58; (2) To the east, Price's land could be reached via Highway 196 – Lytle Creek Road; and (3) To the southwest, Price had purchased an easement across the State of Wyoming's land that would permit Price to access State Highway 14. That easement starts at Highway 14 and continues to where it terminates at Price's property line. Members of the public use this easement to access the Price property, as invitees.

[¶6] After receiving the paperwork from both parties, the Crook County Board of County Commissioners appointed its county attorney, Joe M. Baron, as Hearing Officer. An immediate hearing was held to determine whether Price's application comported with the private road statutes and an evidentiary hearing was scheduled on the issue of access.

[¶7] On July 5, 2011, that evidentiary hearing was held. Mid-way through the hearing, after opening statements and after several witnesses gave testimony, the court reporter's equipment malfunctioned and the hearing was continued to August 3, 2011. On that date the hearing concluded and the Board took the matter under advisement. The Board also directed the parties to submit proposed findings and conclusions, and the Board notified the parties that it would consider those proposals on September 6, 2011. The parties were also notified that they could appear by phone during the September 6 deliberative session.

[¶8] The September 6 deliberative session took place but without a court reporter. However, the county clerk used an audio recorder to record the proceedings. At the conclusion of the session the Board indicated it was inclined to deny the application and would have its order of denial reviewed by the Hearing Officer. The next day, on September 7, 2011, the Board learned that the recording device had malfunctioned part way through the deliberations. Over Price's objection, the Board scheduled a new round

2013 Wyo. Sess. Laws, ch. 99, sec. 1. This case is nevertheless governed by Wyo. Stat. Ann. § 24-9-101, *et seq.* as it existed in 2011.

3

of deliberations of October 4, 2011, which was continued without objection to December 6, 2011. The new round of deliberations was both digitally recorded and reported by a court reporter.

[¶9]   On May 1, 2012, the Board issued its Findings of Fact, Conclusions of Law and Order Denying Application. The Board reasoned that Price already had access to his property from at least two existing public roads: County Road 58 and State Highway 14. The district court affirmed the Board's order, and this appeal followed. More facts will be elicited below as necessary.

## STANDARD OF REVIEW

[¶10]  The following standards generally govern our review of an administrative action:

> The board's decision on an application for a private road under § 24-9-101 is subject to review under the Wyoming Administrative Procedures Act. In reviewing the board's decision, we stand in the same position as the district court, and our review is governed by the considerations specified in Wyo. Stat. Ann. § 16-3-114(c) (LexisNexis 2005). *Mayland v. Flitner,* 2001 WY 69, ¶ 10, 28 P.3d 838, 843 (Wyo. 2001). Section 16-3-114(c) provides, in pertinent part:
>
> > (c) To the extent necessary to make a decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. In making the following determinations, the court shall review the whole record or those parts of it cited by a party and due account shall be taken of the rule of prejudicial error. The reviewing court shall:
> >
> > . . . .
> >
> > (ii)  Hold unlawful and set aside agency action, findings and conclusions found to be:
> > (A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law;
> >
> > . . . .
> >
> > (E) Unsupported by substantial evidence in a case reviewed on the record of an agency hearing provided by statute.

*Reidy v. Stratton Sheep Co.*, 2006 WY 69, ¶ 7, 135 P.3d 598, 602-603 (Wyo. 2006).

[¶11] We give no deference to a board's conclusions of law. "If the agency has not invoked and properly applied the correct rule of law, we are obligated to correct the error." *Mayland v. Flitner,* 2001 WY 69, ¶ 10, 28 P.3d 838 at 843 (Wyo. 2001) (quoting *Miller v. Bradley,* 4 P.3d 882, 888 (Wyo. 2000)).

## DISCUSSION

### *Recording of Deliberations*

[¶12] Price argues that the Board failed to follow the procedure required by Wyoming Statutes when it failed to take and preserve a complete record of the proceedings. Thus, according to Price, the Board's orders resulting from those "improper" proceedings must be reversed.

[¶13] The requirement to make and preserve a record of contested case proceedings is prescribed by Wyo. Stat. Ann. § 16-3-107(o) and (p) (LexisNexis 2013), which reads in relevant part as follows:

> (o) The record in a contested case must conclude:
>> (i) All formal or informal notices, pleadings, motions, and intermediate rulings;
>> (ii) Evidence received or considered including matters officially noticed;
>> (iii) Questions and offers of proof, objections and rulings thereon;
>> (iv) Any proposed findings and exceptions thereto;
>> (v) any opinion, findings, decision or order of the agency and any report by the officer presiding at the hearing.
>> (p) In all contested cases the proceeding including all testimony, shall be reported verbatim stenographically or by any other appropriate means determined by the agency or the officer presiding at the hearing.

The foregoing statute contemplates the setting aside of agency action where procedure has not been observed. However, this is not an automatic remedy. "Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded by the reviewing court." W.R.A.P. 9.04. Furthermore, in order to warrant reversal, "an error must be injurious or prejudicial to the appellant." *KC v. CC (In re LNP),* 2013 WY 20, ¶ 15, 294 P.3d 904, 909 (Wyo. 2013). In civil matters for an error to be harmful "there must be a reasonable possibility that in the absence of error the verdict might have been

more favorable[.]" *ABC Builders v. Phillips*, 632 P.2d 925, 935 (Wyo. 1981). As always, the burden of establishing prejudicial error rests squarely with the appellant and failure to show prejudice results in the error being deemed harmless. *Smith v. State*, 2009 WY 2, ¶ 26, 199 P.3d 1052, 1059 (Wyo. 2009).

[¶14]  This Court stated in *State Elec. Bd. v. Hansen*, 928 P.2d 482, 484 (Wyo. 1996):

> In deciding the question of whether the Board's failure to keep a verbatim report of the hearing justifies reversal of the Board's order, we first look to W.S. § 16-3-107(p) (Cum. Supp. 1996):
>
>> In all contested cases the proceeding including all testimony shall be reported verbatim stenographically or by any other appropriate means determined by the agency or the officer presiding at the hearing.
>
> . . . .
>
> The Board chose to accomplish the verbatim reporting requirement by means of tape recording. For whatever reason, the tape recorder malfunctioned, and there remains no transcript for any stage of the proceeding. This procedural failure violates the mandatory language of W.S. 16-3-107(p) and departmental rules and regulations.
>
> When confronted with an agency's failure to follow procedure prescribed by law, the Wyoming Administrative Procedure Act mandates the reviewing court's course of action:
>
>> The reviewing court shall . . . [h]old unlawful and set aside agency action, findings and conclusions found to be . . . arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law [or] . . . [w]ithout observance of procedure required by law[.]
>
> W.S. 16-3-114(c)(ii)(A) & (D) (1990).
>
> This court has previously addressed the consequences of an agency's failure to follow required procedures in the licensing context. In *Bowen v. State, Wyoming Real Estate Comm'n*, 900 P.2d 1140 (Wyo. 1995), the Real Estate

6

Commission failed to follow prescribed rules in suspending a broker's license. We held that an agency's failure to follow its own procedural rules was an arbitrary and capricious act and reversed the Commission's order. *Id.,* at 1142. *See also, State ex rel. Workers' Compensation Div. v. Brown,* 805 P.2d 830, 835 (Wyo. 1991).

Appellant contends that because a verbatim transcript is not required as part of the record in a contested case pursuant to W.S. 16-3-107(o), it should be allowed to prepare a statement of the evidence or proceedings from the best available means, W.R.A.P. 3.03, or the court should be required to take additional evidence on the matter, W.R.A.P. 12.07. We find this argument to be irrelevant to appellee's procedural right to verbatim reporting--a separate and specific right afforded appellee in both the Administrative Procedure Act and the Board's own rules and regulations.

The requirement of verbatim reporting is a procedural mechanism to enable the reviewing court and the parties to weigh the grounds for an appeal of an agency decision. Reversal of the Board's decision and order was appropriate where there was available no verbatim record as required by W.S. 16-3-107(p) and applicable departmental rules and regulations.

[¶15] In this case, on July 5, 2011, the hearing reporter's transcription machine malfunctioned. That hearing was immediately adjourned and later reconvened on August 3, 2011. There, additional evidence and closing arguments were presented and the evidence was closed. On September 6-7 another equipment malfunction occurred during deliberations. Those proceedings were terminated and the Board met again on December 6, 2011, to "reconvene their deliberations on their findings for the final order."

[¶16] When taking into consideration the requirements of the statute and what occurred in this specific case, we do not find any error, let alone any prejudice to Price. The Board twice made a conscious effort to stop the process and reconvene – the first time in order to ensure all evidence was recorded and the second time (on December 6, 2011) for the purpose of restarting deliberations after being informed of technical difficulties occurring on September 6 and 7, 2011. As the district court pointed out, no greater remedy could occur. As it is, the record includes a transcript of testimony and other evidence submitted. Price has not alleged or more notably has not shown how having a full transcript of duplicate sessions of deliberations is critical to this Court's review. We affirm the district

court's decision denying Price's request that the final result be set aside because of the malfunctioning audio equipment.

### *Hearing Officer*

[¶17]  In his second issue Price questions whether the Hearing Officer in this case violated Wyo. Stat. Ann. § 16-3-107(k) and/or exceeded the powers of a Hearing Officer set forth in Wyo. Stat. Ann. § 16-3-112(a) and (b).  Price argues that the Hearing Officer erroneously provided legal opinions and advice to the Board.

[¶18]  Wyo. Stat. Ann. § 16-3-107(k) (LexisNexis 2013) provides in pertinent part:

> Any person representing an agency at a hearing in a contested case in which the agency is a party shall not in the same case serve as presiding officer or provide ex parte advice regarding the case to the presiding officer or to the body or any member of the body comprising the decision makers.

The statute requires that the individual serving as the hearing or presiding officer cannot also be the representative of an agency at a hearing in which the agency is a party.  That is not the case here.  The Board is not, and has never been, a party in this matter.  For that reason alone Price's argument regarding this statute is without merit.

[¶19]  Price also argues that the Hearing Officer may have violated Wyo. Stat. Ann. § 16-3-112(a) and (b) (LexisNexis 2013), which states:

> (a) If not otherwise authorized by law there shall preside at the taking of evidence in all contested cases the statutory agency, one (1) or more members of the body which comprises the agency, or an employee of the agency or an employee of another agency designated by the agency to act as presiding officer.  The functions of all those presiding in contested cases shall be conducted in an impartial manner.  Any officer shall at any time withdraw if he deems himself disqualified provided there are other qualified presiding officers available to act.
> (b) Officers presiding at hearings shall have authority, subject to the published rules of the agency and within its power, to:
> (i)  Administer oath and affirmations;
> (ii)  Issue subpoenas;
> (iii) Rule upon offers of proof and receive relevant evidence;

(iv) Take or cause depositions to be taken in accordance with the provisions of this act and the rules of the agency;

(v) Regulate the course of the hearing;

(vi) Hold conferences for the settlement or simplification of the issues;

(vii) Dispose of procedural request for similar matters;

(viii) Make recommended decisions when directed to do so by the agency; and (ix) Take any other action authorize by agency rules consistent with this act.

Price argues that it was reversible error that the Board appointed County Attorney Joe M. Baron as Hearing Officer, and also that the Hearing Officer should not have offered to respond to legal questions posed by the Board nor should he have provided legal advice to the Board. We disagree with Price.

[¶20] The referenced statute plainly states that a Hearing Officer was and is permitted to make recommended decisions when asked to do so by the Board. As Hearing Officer, he is entitled to receive evidence, regulate the course of the hearing, hold conferences, and dispose of procedural requests or other matters. The record shows that he did just that. He offered advice in response to questions and attempted to clarify issues for the Board's consideration. He even emphasized that the ultimate decision was for the Board alone to make. There is no indication of a bias or prejudice that permeated the hearing. The Hearing Officer was balanced in his rulings during the evidentiary hearings and admitted all exhibits on both sides. Although the Hearing Officer commented that he had "disagreed" with this Court in *Crago v. Bd. of County Comm'rs*, 2007 WY 158, 168 P.3d 845 (Wyo. 2007) (where he represented one of the parties), the Hearing Officer did emphasize that *Crago* is the law and thus had to be considered and followed by the Board. Taking the record together with our statutory guidelines, we affirm the district court's decision that Price's arguments regarding the Hearing Officer are without merit.

### *Substantial Evidence*

[¶21] Price claims that the Board's findings are not supported by substantial evidence as required by Wyo. Stat. Ann. § 16-3-114(c)(ii)(E) (LexisNexis 2013). Specifically, Price takes issue with the Board's finding that County Road 58 is a public road as defined by Wyoming Statutes and the finding that the State Easement is an "accessible road" from State Highway 14 to Price's property.

[¶22] The substantial evidence standard of review applies to the agency's evidentiary determinations after a contested case hearing.

9

When the burdened party prevailed before the agency, we will determine if substantial evidence exists to support the finding for that party by considering whether there is relevant evidence in the entire record which a reasonable mind might accept in support of the agency's conclusions. . . . If, in the course of its decision making process, the agency disregards certain evidence and explains its reasons for doing so based upon determinations of credibility or other factors contained in the record, its decision will be sustainable under the substantial evidence test. Importantly, our review of any particular decision turns not on whether we agree with the outcome, but on whether the agency could reasonably conclude as it did, based on all the evidence before it. *Dale* [*v. S & S Builders, LLC,* 2008 WY 84] ¶ 22, 188 P.3d [554] at 561 [(Wyo. 2008)]. The agency's conclusions of law are, of course, subject to *de novo* review. *Id*., ¶ 26, 188 P.3d at 561-62.

*Tarver v. City of Sheridan Board of Adjustments*, 2014 WY 71, ¶ 28, 327 P.3d 76, 86 (Wyo. 2014).

[¶23] In its final order, the Board found as follows:

3. County Road 58 is a "public road" for the purposes of Wyoming Statute § 24-9-101:

a. County Road 58 has been designated as a County Road within Crook County since the early 1900s.

b. DE-22 shows County Road 58 crosses [Price's] property in at least two separate locations.

c. The survey performed by [Price] conclusively shows that County Road 58 lies within [Price's] land which is in accordance with the Commissioners' decision in 2003, as affirmed by the District Court, as well as crossing [Price's] land in an entirely separate location.

d. The map designated as Commissioners' Exhibit 1 also shows that County Road [58] crosses [Price's] land.

10

e. No evidence was presented to the contrary, other than unsubstantiated opinions from [Price] and his witness, that County Road 58 did not cross [his] land.

f. That [Price] can and does access his property through the use of County Road 58 not only from Hwy 24 (on the west), but also from the east through the use of Lytle Creek Road No. 196 at least when traveling to and from Hulett, Wyoming.

g. Objectors submitted photographs which were admitted into evidence, showing the location and condition of County Road 58 that runs easterly from State Highway 24 (also known as Tower Road). The map, photographs and testimony show:

    i. the existence of an accessible road leading from Hwy 24 east which traverses [Price's] property;

    ii. unlocked or other openings in fences that are accessible to the public, including [Price];

    iii. at least 2 accessible roads from County Road 58 to [Price's] headquarters as conclusively shown by the evidence that [Price's] attorney was able to access the headquarters in his own vehicle without any problem from Hwy 24, across Tower Road (County Road 58) and state land located in Section 1, T52N, R65W, to where it borders [Price's] property;

    iv. uncontroverted evidence that [Price], his pasture renters, his hunters, gas suppliers and manager are all able to access the entirety of [Price's] ranch from County Road 58 through the use of trucks and ATVs;

    v. that no natural barriers, such as mountains, rivers, deep gorges, bluffs or other obstacles, exist on [Price's] land which prohibit [Price] or any other permitted users of [Price's] land from accessing any other portion of [his] land;

    vi. that [Price's] land is accessible year round from County Road 58 which is also used by others traveling in that part of the state.

4. Access through use of the State Easement:

11

a. Attachment G to the Amended Application is a copy of Easement 7235 granted to [Price] by the State of Wyoming acting through its Board of Land Commissioners, (the "State Easement") on March 3, 2006. Attachment G to the Amended Application was admitted into evidence as [Price's] Exhibit D.

b. The easement according to its terms is perpetual, transferable and maintainable by [Price].

c. That the easement commences at a public road (Hwy 14) and continues to where it terminates at [Price's] property line.

d. That an accessible road exists from Hwy 14 to [Price's] property line that is traversed by members of the public, including the manager of [Price's] property, through the use of various types of vehicles, including pickup trucks throughout the year.

e. That the evidence showed the existences of a road across the state land to [Price's] property line.

Price argues that the Board's findings are unsupported by the record and contrary to the great weight of the evidence in the record. We disagree. The record that is presented on appeal reflects that the Board's findings are in fact supported by substantial evidence, as we now explain.

[¶24] Price brought two witnesses to the hearing in front of the Board. First, Price's real estate broker J.R. Kvenild testified that he sold the property at issue in this case to Price in 1986 and has since assisted Price in acquiring additional surrounding parcels of land. Kvenild also testified that he helped Price purchase the State Easement, and although he had been on the property, he had not visited much at all in the last four years. Kvenild offered his opinion that it was not possible to drive a vehicle through the State Easement because of a steep ravine. He also testified, however, that regarding the State Easement, he did not personally know exactly where the State's property ended and where Price's property began. He also characterized County Road 58 as "old two track, unmaintained." On cross-examination, however, Kvenild admitted that County Road 58 that connects to Lytle Creek Road travels through Price's property, and that County Road 58 also crosses Price's property. Kvenild also testified that he traveled County Road 58 and in fact used it to access Price's land.

[¶25] Price then testified himself. He testified that he had only traveled on County Road 58 on an ATV and that he would not consider County Road 58 to be an "actual road." He admitted that County Road 58 had not changed since 2003 when his previous application was denied. Regarding the State Easement, Price stated that he could not use it because it was too steep and contained a lot of difficult terrain but that he "believed" the easement

went from Highway 14 to the border of the ranch. Price testified that his preferred route was the Garman Road.

[¶26] On the other side, Wayne Garman testified for the Appellees. A life-long resident of Crook County, Garman testified that he was intimately familiar with Price's land as a result of growing up on a neighboring ranch but mostly because he and his brother have leased Price's land since 1989. Garman testified that County Road 58 traverses the boundaries of Price's land and that there is no terrain to prevent someone from coming onto the ranch where County Road 58 touches the land. Garman testified that he could reach the land using County Road 58 as could "pasture people," hunters, campers, and the propane delivery servicemen. Furthermore, Garman indicated that residents of a subdivision northeast of the ranch used County Road 58 to get from Highway 24 to Lytle Creek Road and back. According to Garman, Price traversed County Road 58 in his suburban.

[¶27] Garman also testified regarding the State Easement and indicated that Price's property was accessible via Highway 14 with the easement. Garman stated that he has never had an issue accessing the ranch in that manner and in fact had to put up a sign to prevent members of the public from using the easement road. According to Garman, a ravine does exist but it does not have to be crossed – instead, the road crosses a draw to avoid the ravine.

[¶28] Along with testimony, the Board also considered the matter of convenience and whether County Road 58 and State Highway 14 provide Price with reasonable and convenient access to his property. Regarding convenience, we have stated that

> "[C]onvenience and reason should prevail in the establishment of roads." [*J & T Properties, LLC v. Gallagher* (*In re Establishment of a Private Roadway to Real Prop.*), 2011 WY 112 ¶ 15, 256 P.3d 522, 525 (Wyo. 2011)], citing *Lindt v. Murray*, 895 P.2d 459, 462 (Wyo. 1995). The private road statutes are intended to provide "a readily available, economically affordable, and time efficient method to obtain a means of access to property." *J & T Properties*, ¶ 15, 256 P.3d at 525, quoting *Martens v. Johnson County Board of Comm'rs*, 954 P.2d 375, 380 (Wyo. 1998). We said, "[b]y interpreting the private road statutes to allow an applicant to use other means of legal access together with a private road to cure his access problem, we fulfill the policies of reason, convenience and economic affordability." *J & T Properties*, ¶ 15, 256 P.3d at 525.

13

*Altaffer v. Cross* (*In re Cross*), 2013 WY 79, ¶ 13, 304 P.3d 932, 936 (Wyo. 2013). Expounding upon this discussion, we have also said:

> The convenience factor must, however, be applied judiciously. Wyo. Const. Art. I, § 32 mandates that in order to constitutionally justify a private condemnation of property, there must be necessity. Consequently, the inconvenience which would justify a private taking must be substantial. In fact, it must be so substantial it is functionally equivalent to necessity. Our case law bears this out. ***We have never approved a private road simply on the basis that it would be more convenient to the applicant than another already existing means of access.*** Rather, only when the record contains evidence showing the alternative access is obviously impractical and unreasonable has this Court approved the creation of a private road under the statutes.

*Crago*, ¶ 17, 168 P.3d at 854 (emphasis added).

[¶29] In determining this issue, we take into consideration the testimony given by Kvenild, Price, and Garman as well as the evidence that Price's property has legal access to County Road 58 in several locations and to Wyoming Highway 14 from the State Easement. Our review of the record demonstrates that Price simply did not satisfy his burden of establishing that there would be substantial inconvenience if he was not granted a private road over Appellees' lands. The Board determined that Price failed to carry his burden and found that Price failed to present any evidence regarding the monetary costs related to the claims of inconvenience. The Board stated:

> 12. [Price's] property has legal access to County Road 58 in several locations and to Wyoming Highway 14 on the easement across the school section.
>
> 13. Crook County has many miles of maintained and unmaintained county roads and many of the maintained miles are at times impassable from different weather conditions impassable or nearly impassable, and not convenient. The inconvenience that has been presented by [Price] is not enough to be a significant inconvenience that would require the Board to grant another access from [his] property to a public road.
>
> 14. One of the major determinations of convenience is the monetary issue. [Price] has not presented sufficient evidence

14

of inconvenience or the monetary cost of the inconvenience or the cost to build a road to a public road.

15. [Price] has more direct legal access from his land and headquarters to State Highway 14 across the State Easement then [sic] the road set forth in his application that he has applied for across the Objector's property or to County Road 58. That is the most direct and convenient road to [Price's] headquarters.

[¶30] In fact, no evidence was presented regarding how much it would cost to improve the existing roads on the ranch which connect to County Road 58 or why using the State Easement was otherwise impracticable. Evidence presented showed that both County Road 58 and the State Easement were accessible from roads on Price's ranch and that they connected with convenient public roads and were routinely used for ranch business by members of the public, as invitees, using a variety of vehicles.

[¶31] We conclude that the Board's decision to deny Price's application is supported by substantial evidence. Relevant evidence pervades the entire record which a reasonable mind might accept in support of the agency's conclusion and thus we must affirm the Board.

### Collateral Estoppel

[¶32] Price disagrees with the Board's ruling that the doctrine of collateral estoppel barred Price's application for a private road.

[¶33] We recently stated that

The application of preclusion doctrines such as *res judicata* and/or collateral estoppel involves questions of law. *Goodman v. Voss*, 2011 WY 33, ¶ 23, 248 P.3d 1120, 1127 (Wyo. 2011). We review an agency's conclusions of law *de novo* and affirm only if the agency's conclusions are in accordance with the law. *Moss v. State ex rel. Wyo. Workers' Safety & Comp. Div.*, 2010 WY 66, ¶ 11, 232 P.3d 1, 4 (Wyo. 2010); *Dale v. S & S Builders, LLC*, 2008 WY 84, ¶ 22, 188 P.3d 554, 561 (Wyo. 2008).

. . . .

. . . [C]ollateral estoppel prohibits re-litigation of formerly litigated issues. Given the limited authority of governmental agencies, collateral estoppel is often more

> appropriate for application in the administrative context. *Tenorio v. State ex rel. Wyo. Workers' Comp. Div.*, 931 P.2d 234, 238 (Wyo. 1997).

*Tarver*, ¶¶ 10-11, 327 P.3d at 80.

[¶34] We decline to address whether or not the doctrine of collateral estoppel bars Price's second application for a private road. Given our discussion regarding substantial evidence, this Court's decision on appeal is determinative that County Road 58 qualifies as a public road. Therefore, whether or not collateral estoppel applies is moot.

## CONCLUSION

[¶35] We affirm the Crook County Board of Commissioners' decision to deny Price's application for a private road. We conclude that substantial evidence exists such that the application is properly denied, and that the actions of the Board were not arbitrary or capricious. Furthermore, the record does not establish the high level of inconvenience required to establish necessity.

[¶36] This Court further affirms the district court's decision denying Price's request that the final result be set aside because of the malfunctioning audio equipment. We also conclude that the Hearing Officer did not act with impropriety.